UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUSTAVO DUQUE, and ANGELES DUQUE, <br>     Plaintiffs, <br><br> v. <br><br> MICHAEL SHEAHAN, SHERIFF OF COOK COUNTY, in his Official capacity, the COUNTY OF COOK, a Municipal Corporation, COOK COUNTY SHERIFF'S DEPARTMENT OFFICERS ABRUSCATO, Star No. 4085, BENNETT Star No. 3803, KAZLAWSKAS, Star No. 268, MALACINA, Star No. 2635, ROSE, Star No. 3961, WILLIAMS, Star No. 3552 Sued in their individual and official capacities as officers of the Cook County Sheriff's Department, <br>     Defendants. | No. 03 C 5933 <br><br> Judge Wayne R. Andersen |

## DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME the Defendants Michael Sheahan, County of Cook, Cook County Sheriff's Department Officers Abruscato, Bennett, Kazlauskas, Malacina, and Mitchell (formerly known as Williams) through their attorney RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant, Assistant State's Attorney Francis J. Catania, and, answers Plaintiff's Complaint as follows:

### PARTIES AND JURISDICTION

1. This is an action for violation of Plaintiffs' civil rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. Section 1983, and the common law of the State of Illinois.

    ANSWER:

Defendants admit paragraph 1.

2. The Court has jurisdiction over this matter pursuant to 42 U.S.C. sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343; and the Fourth and Fourteenth Amendments of the United States Constitution. U.S. Const. Amends. IV & XIV.

ANSWER:

Defendants admit jurisdiction and venue are correct.

3. Plaintiffs, Gustavo Duque ("Mr. Duque") and Angeles Duque ("Mrs. Duque") (collectively "Plaintiffs"), reside in the City of Chicago, County of Cook, State of Illinois.

ANSWER:

Defendants admit paragraph 3.

4. Defendants, Cook County Sheriff's department Officers, Abruscato (Star No. 4085), Bennett (Star No. 3803), Kazlauskas (Star No. 268), Malacina (Star No. 2635), Rose (Star No. 3961), and Williams (Star No. 3552), (collectively, "Officers"), are duly appointed and sworn officers of Michael Sheahan, Sheriff of Cook County ("Sheriff"), and the County of Cook, Illinois ("County"), a municipal corporation duly incorporated in the State of Illinois.

ANSWER:

Defendants admit paragraph 4, but note that Williams is now Sgt. Mitchell.

5. At all times relevant to this Complaint, the Officers, when engaged in the conduct complained of, did so in the course and scope of their employment as employees and agents of

the Sheriff and the County. The Officers are being sued in their individual capacities and as agents, servants and/or employees of the Sheriff and the County.

ANSWER:

Defendants admit that they were engaged in the execution of their duties as deputy sheriffs but deny they are direct employees of the County of Cook.

## FACTS

6. On or about September 5, 2002, at approximately 9:30 p.m., Mrs. Duque was alone, sleeping in Plaintiffs' home located at 5420 North Rockwell, Apt. 2-South, Chicago, Illinois.

ANSWER:

Defendants deny paragraph 6.

7. At or near this time, the Officers arrived at Plaintiffs' residence to effectuate an arrest upon Mr. Duque for an outstanding bench warrant pertaining to civil complaint filed by Mr. Duque's ex-wife and majority-aged daughters.

ANSWER:

Defendants admit paragraph 7.

8. After knocking upon the door and receiving no response, the Officers tore the door from its frame to gain entry to the Plaintiffs' residence.

ANSWER:

Defendants admit entering the apartment but deny all other allegations of this paragraph 8.

9. The Officers, without either probable cause or an arrest warrant, entered the Plaintiffs' residence seeking Mr. Duque.

ANSWER:

Defendants deny paragraph 9.

10. Upon unlawfully entering Plaintiffs' home, the Officers drew and brandished their weapons and instructed Mrs. Duque, who had retreated to the nursery to retrieve her three month old child, to appear before them with her hands up.

ANSWER:

Defendants admit entering the apartment but deny all other allegations of paragraph 10.

11. Although Mrs. Duque complied with their orders, the Officers first placed Mrs. Duque against a wall and then handcuffed her.

ANSWER:

Defendants deny the allegations in paragraph 11.

12. While Mrs. Duque was handcuffed, the Officers, lacking a search warrant, unlawfully searched the Duque residence, including the garage and attic, and removed two thousand dollars in cash which they discovered in Mr. Duque's desk, a gold link men's bracelet, a small carat ring set in 14K gold, and a photograph of Mr. Duque.

ANSWER:

Defendants deny the allegations of paragraph 12.

13. The Officers then interrogated Mrs. Duque as to the whereabouts of Mr. Duque. Throughout this interrogation the Officers kept Mrs. Duque handcuffed and continued to point their weapons at her. At that same time, the Officers also threatened to arrest Mrs. Duque and have her child removed from her custody by the Department of Child and Family Services if she did not inform them of Mr. Duque's whereabouts. Mrs. Duque repeatedly informed the Officers that she was unaware of Mr. Duque's whereabouts.

ANSWER:

Defendants deny paragraph 13.

14. At no time did the Officers inform Mrs. Duque of the grounds for their unwarranted search and seizure or display a warrant, which would have justified the search or seizure.

ANSWER:

Defendants deny paragraph 14.

15. After approximately fifteen to thirty minutes, during which time Mrs. Duque remained restrained in handcuffs, Mr. Duque phoned his home. The Officers answered the phone and ordered Mrs. Duque to instruct Mr. Duque to return home or else she would be arrested and/or have their child seized by the Department for Child and Family Services.

ANSWER:

Defendants admit that Mr. Duque was instructed to return home. Defendants deny the remaining allegations in this paragraph 15.

16. Mr. Duque responded to the Officers' instruction and returned to his home with his neighbor.

ANSWER:

Defendants admit Mr. Duque returned to the area of his apartment building, and that he arrived in a car driven by George Kriarakis.

17. Immediately upon his return, Mr. Duque was approached by four (4) of the Officers.

ANSWER:

Defendants deny the allegations of paragraph 17.

18. At that time, and despite the fact that Mr. Duque posed no immediate threat to the safety of the Officers or actively resisted or attempted to evade arrest, the Officers administered blows to Mr. Duque's face and upper body and then brought him to the ground where they repeatedly kicked him in the back and handcuffed him with excessive force and then placed in him the back of a squad car.

ANSWER:

Defendants deny the allegations of paragraph 18.

19. Shortly after Mr. Duque was placed in one of the squad cars, the Officers who had been restraining Mrs. Duque removed her handcuffs and departed without informing her of the grounds for Mr. Duque's arrest or where he was to be held in custody.

ANSWER:

Defendants admit they departed the scene after the arrest of Mr. Duque but deny the remaining allegations.

20. Mrs. Duque, who immediately tended to her distressed infant, was physically and emotionally distraught. She remained in her apartment which could not be secured as to the door had been completely separated from its frame.

ANSWER:

Defendants deny the allegations of paragraph 20.

21. As a direct result of the Officers' conduct, Mrs. Duque experienced physical and emotional distress, which required her to seek medical treatment.

ANSWER:

Defendants deny the allegations of paragraph 21.

22. Upon his arrival at the Cook County Jail, Mr. Duque requested medical attention for the injuries he incurred as a result of his arrest. His requests were initially denied, but, at his insistence, he was taken to the hospital where he spent five hours.

ANSWER:

Defendants deny the allegations of paragraph 22.

23. At the hospital, doctors examined Mr. Duque and discovered blood in his urine as a result of the kicking that he sustained at the time of his arrest. Mr. Duque underwent MRIs and other scans and was treated for dermal abrasions.

ANSWER:

Defendants deny the allegations of paragraph 23.

24. At no time while Mr. Duque was held in custody was he permitted to phone his family or an attorney.

ANSWER:

Defendants deny the allegations of paragraph 24.

25. Subsequent to taking Mr. Duque into custody, Officers Abruscato (Star No. 4085) and Bennett (Star No. 3803) caused false charges to be filed against Mr. Duque for battery and resisting a peace officer, resulting in his wrongful detention in the Cook County Jail. These charges against Mr. Duque were later dropped.

ANSWER:

Defendants admit that Mr. Duque was charged with battery and resisting arrest, but deny the remaining allegations of paragraph 25.

26. The nest day, September 6, 2002, after three unsuccessful calls to the Cook County Sheriff's Office, Mrs. Duque was finally informed that Mr. Duque was being held at the Cook County Jail. At or around 6:45 p.m., Mrs. Duque appeared at Cook County Jail and paid Mr. Duque's bond. At approximately 1:00 a.m. on September 7, 2002, Mr. Duque was released from custody.

ANSWER:

Defendants deny the allegations of paragraph 26.

27. At all times material to this Complaint, the Officers were acting under the color of state laws and/or regulations.

ANSWER:

Defendants admit paragraph 27.

28. The acts of the Officers, as described above, were done maliciously, willfully and wantonly, intentionally, and/or with disregard and gross negligence towards Plaintiffs' clearly established rights under the Fourth Amendment of the Constitution of the United States, 42 U.S.C. § 1983, and the common law of the State of Illinois.

ANSWER:

Defendants deny paragraph 28.

### COUNT I
### PLAINTIFFS' UNREASONABLE SEARCH AND SEIZURE CLAIM PURSUANT TO SECTION 1983

29. Paragraphs 1 through 28 are herein incorporated by reference and made a part of paragraph 29 as if fully alleged herein.

ANSWER:

Defendants re-assert the same answers to paragraphs 1-28 as if fully alleged here.

30. The Officers, while acting under the color of state law, unlawfully invaded the Duque residence and conducted a search and seizure of items therein without an arrest warrant and/or probable cause or any other legally justifiable grounds and thereby violated Plaintiffs'

rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. Section 1983 to be free from unreasonable search and seizure.

ANSWER:

Defendants deny the allegations of paragraph 30.

31. The Sheriff and County, by inadequately training, supervising, and/or disciplining its officers with respect to the procedures required by the Fourth Amendment pertaining to search and seizures and demonstrating a formal or informal custom, policy and/or practice of deliberate indifference to the constitutional rights of individuals to be free from unreasonable search and seizures, expressly or impliedly authorized, consented or acquiesced in the violation of Plaintiffs' right under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. Section 1983.

ANSWER:

Defendants deny the allegations of paragraph 31.

## COUNT II
## PLAINTIFF GUSTAVO DUQUE'S UNLAWFUL USE OF EXCESSIVE FORCE CLAIM PURSUANT TO 42 U.S.C 1983

32. Paragraphs 1 through 31 are herein incorporated by reference and made a part of paragraph 32 as if fully alleged herein.

ANSWER:

Defendants re-assert the same answers to paragraphs 1-31 as if fully alleged here.

33. The Officers, while acting under the color of state law, unlawfully used excessive force against Mr. Duque by physically attacking him in the course of his arrest despite the fact that he posed no threat to the safety of the Officers and did not resist arrest. The use of excessive force was malicious, willful and wanton, intentional, and/or done with reckless disregard and gross negligence and therefore violated Mr. Duque's clearly established rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983 to be free from the use of excessive force in arrests.

ANSWER:

Defendants deny the allegations of this paragraph 33.

34. The Sheriff and County, by inadequately training, supervising, and/or disciplining its officers with respect to the degree of force that is reasonably permitted under the Fourth Amendment pertaining to arrests demonstrating a formal or informal custom, policy and/or practice of deliberate indifference to the constitutional rights of arrestees to be free from unreasonable use of force, expressly or impliedly authorized, consented or acquiesced in the violation of Plaintiffs' right under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. Section 1983.

ANSWER:

Defendants deny this paragraph 34.

## COUNT III
## PLAINTIFF ANGELES DUQUE'S STATE LAW
## FALSE IMPRISONMENT CLAIM

35. Paragraphs 1 through 34 are herein incorporated by reference and made a part of paragraph 35 as if fully alleged herein.

ANSWER:

Defendants re-assert the same answers to paragraphs 1-34 as if fully alleged here.

36. The Officers unlawfully entered the Duque residence, threatened, and restrained Mrs. Duque with handcuffs without probable cause and/or an arrest warrant or any other legally justifiable grounds and thereby committed the tort of false imprisonment in violation of the common law of the State of Illinois.

ANSWER:

Defendants deny the allegations of this paragraph 36.

## COUNT IV
## PLAINTIFF ANGELES DUQUE'S FALSE ARREST CLAIM PURSUANT TO 42 U.S.C. 1983

37. Paragraphs 1 through 36 are herein incorporated by reference and made a part of paragraph 37 as if fully alleged herein.

ANSWER:

Defendants re-assert the same answers to paragraphs 1-36 as if fully alleged here.

38. The Officers, while acting under the color of state law, unlawfully entered the Duque residence, threatened and restrained Mrs. Duque with handcuffs without probable cause and/or an arrest warrant or any legally justifiable grounds and thereby committed the tort of false arrest and imprisonment in violation of the common law of the State of Illinois.

ANSWER:

Defendants deny the allegations of this paragraph 38.

39. The Sheriff and County, by inadequately training, supervising, and/or disciplining its officers with respect to the procedures required by the Fourth Amendment pertaining to individuals' rights to be free from unreasonable seizures, namely seizures in the home, absent a warrant or probable cause to arrest and demonstrating a formal or informal custom, policy and/or practice of deliberate indifference to the constitutional rights of such persons to be free from unreasonable search and seizures in their homes, expressly or impliedly authorized, consented or acquiesced in the violation of Plaintiffs' right under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. Section 1983.

ANSWER:

Defendants deny the allegations of this paragraph 39.

**COUNT IV**
**PLAINTIFF ANGELES DUQUE'S STATE LAW**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM**

40. Paragraphs 1 through 39 are herein incorporated by reference and made a part of paragraph 40 as if fully alleged herein.

ANSWER:

Defendants re-assert the same answers to paragraphs 1-39 as if fully alleged here..

41. The conduct of the Officers, while acting under the color of state law, of intentional detention, battery, and threatening to take away an infant from a mother was extreme

and outrageous beyond all possible bounds of decency and caused severe emotional distress beyond what any reasonable person could be expected to endure. The Officers' conduct was such that they knew that severe emotional distress would be certain or substantially certain.

ANSWER:

Defendants deny the allegations of this paragraph 41.

## JURY TRIAL DEMAND

Defendants demand a trial by jury on all claims.

## AFFIRMATIVE DEFENSES (Excessive force)

1. The Defendants raise the defense of qualified immunity.

2. The Plaintiff fails to state a claim for which relief may be granted pursuant to 42 USCS §1983.

3. The Plaintiff fails to state a claim for which relief may be granted under state tort law.

4. Any force used by each Defendant was reasonable and necessary in light of the facts and circumstances confronting him/her.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: _____
Francis J. Catania
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-6572